# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-802V
UNPUBLISHED

|  |  |
|---|---|
| JULI SHIMP on behalf of her deceased child, TARYN STARCK,<br><br>                  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: October 30, 2025 |

*Bijan Esfandiari*, Wisner Baum, LLP, Los Angeles, CA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On May 31, 2023, Juli Shimp filed a petition on behalf of Taryn Starck for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act"). Ms. Shimp alleged that Ms. Starck suffered injuries and ultimately died on February 8, 2023, after receiving human papillomavirus vaccinations on March 17, 2008, and June 6, 2008.[2] ECF No. 1. Due to Ms. Shimp's failure to prosecute the claim, this case is **DISMISSED**.

### **Relevant Procedural History**

On September 29, 2023, an order issued noting that, based on the petition, Taryn Starck was a competent adult at all times relevant to this case, from the vaccinations until her death. ECF No. 13. The order stated that it was unclear whether her mother, Ms. Shimp, has the legal authority to bring this case in a representative capacity on behalf of Ms. Starck's estate. While a death certificate was eventually filed

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] If not for the issue regarding the legal authority to bring this case, the case would have faced likely dismissal on statute of limitations grounds.

(exhibit 6), no probate documents have been submitted in compliance with Vaccine Rule 2(c)(2)(C) to establish the administrator of Ms. Starck's estate. Ms. Shimp has not asserted in the petition or her declaration (exhibit 1) that she has the authority to bring this case on behalf of Ms. Starck's estate or that she expects to obtain that authority in the future. Moreover, since Ms. Starck was married at the time of her death (exhibit 6), it appears more likely that her husband would be the administrator of Ms. Starck's estate. The order required Ms. Shimp to file the probate documents establishing her as the administrator of Ms. Starck's estate or, at a minimum, a status report explaining when the documents would be available.

On January 29, 2024, the statutorily-required order issued advising that, since 240 days had passed from the filing of the petition, the petitioner could choose to withdraw the case pursuant to 42 U.S.C. § 300aa—12(g). ECF No. 18.

On February 1, 2024, Ms. Shimp filed a notice to withdraw the petition without having filed any probate documents to establish herself as the administrator of Ms. Starck's estate. ECF No. 19.

On February 2, 2024, an order issued noting the lack of probate documents prevented Ms. Shimp from having the legal authority to withdraw the case. ECF No. 20. Ms. Shimp was advised that the withdrawal of the case would be effectuated once the probate documents were filed.

On April 2, 2024, Ms. Shimp's counsel filed a status report stating that Ms. Shimp was working to open an estate on behalf of Ms. Starck and requested additional time to complete the probate process. ECF No. 22. For the next ten months, counsel continued to report that Ms. Shimp was attempting to establish an estate. ECF Nos. 23-25.

On February 11, 2025, counsel filed an update stating that Ms. Shimp was no longer seeking to be appointed as the administrator of Ms. Starck's estate and reiterated her request to withdraw the case. ECF No. 26.

On August 28, 2025, I issued an order to show cause for failure to prosecute. ECF No. 27. I reiterated the issue that Ms. Shimp did not have the authority to withdraw this case and had not complied with my orders to remedy that issue. Counsel was ordered to serve the order to show cause on Ms. Shimp.

On September 24, 2025, counsel filed a certified mail receipt indicating that the order to show cause was served on Ms. Shimp. The due date for a response set in the order to show cause has now passed without any further submissions from Ms. Shimp.

## Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Ms. Shimp was specifically advised in the August 28, 2025 order to show cause that failure to follow orders issued in this matter risked dismissal of the claim. As noted in counsel's February 11, 2025 status report, Ms. Shimp has no intention of obtaining the necessary authority to continue or withdraw this claim. Because Ms. Shimp has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."